947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert RICH, and Steven Rich, Defendants-Appellants, a Tract
of Parcel, of Land Known as the SE/4 of Section 7, Township
31, Range 17, Located in Montgomery County, Kansas, as Well
as a Two-Story Single Family Residence Located on Said
Property; a Tract or Parcel of Land Known as the NE/4 of
Section 36, Township 33, Range 17, Located in Labette
County, Kansas; a Tract or Parcel of Land Known as the S/2
of Lot 2 and all of Lots 3 and 4, Section 17, Township 31,
Range 17, Located in Montgomery County, Kansas; a Tract or
Parcel of Land Known as the S/2 of the NW/4 and the N/2 of
the SW/4 of Section 6, Township 31, Range 18, and the SE/4
of Section 1, Township 31, Range 17, all Located in Labette
County, Kansas; a Tract or Parcel of Land Known as the N/2
of Lot 6, and Beginning at the Southwest Corner of Lot 5,
Thence North 527 Feet, Thence Easterly to the East Line of
Lot 5 to a Point 380 Feet North of the Southwest Corner of
Lot 5, Thence South 380 Feet to the Southwest Corner of Said
Lot, Thence West 812 Feet to the Point of Beginning Located
in Section 17, Township 31, Range 17, in Montgomery County,
Kansas; a Tract or Parcel of Land Known as the NE/4 of
Section 20, Township 31 South, Range 22 East, Located in
Cherokee County, Kansas; Together with all Improvements,
Appurtenances, Buildings, Structures, Fixtures, Furnishings,
Equipment, Merchandise, Commodities, Livestock, Cash on
Hand, Jewelry and Other Items, Located on Each of the Above
Parcels of Real Property; Any and all Motor Vehicles Found
Registered to Robert Rich, Rafter 4 Ranch or Triple B Land
and Cattle Company on Said Property, Including But Not
Limited to the Following: One 1987 Black Chevrolet
Corvette, Vin # Unknown; One 1985 Ford Thunderbird, VIN #
1FABP463FH 203330; One 1987 Chevrolet Pickup, Vin #
1GCHR34N9HS147519; One 1985 Ford El Camino, Vin # Unknown;
One 1986 Chevrolet Pickup, Vin # 1GCDC14H3GS181950; One
1983 Chevrolet 3/4 Ton Pickup, Vin # Unknown; One 1983
Chevrolet One Ton Truck, Vin # Unknown; One 1983 Lincoln
Continental, Vin # 1MRBP98F9DY634350; U.S. Coin and
Currency and Miscellaneous Household and Personal Property
Found on the Above Described Parcels of Land; Equipment
Associated with the Use, Transportation and Care of
Livestock, Found on the Above Described Parcels of Land;
Farm Equipment, Including the Items Listed in Schedule C of
the Affidavit in Support of This Complaint, Found on the
Above Described Parcels of Land; Livestock, Including
Cattle and Horses Listed in Schedules E & F and Any
Documents Which Reflect the Registration of Said Animals,
Found on the Above Described Parcels of Land, Respondent in rem.
 Nos. 91-3094, 91-3096.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert and Steven Rich appeal, pro se, the district court's grant of summary judgment to the Government. This judgment forfeited real and personal property traceable to an exchange for controlled substances pursuant to 21 U.S.C. § 881(a)(6).
 
 
 3
 The Government filed a complaint seeking to forfeit six parcels of real property situated in three Kansas counties and a large amount of personalty including by way of illustration 103 racehorses, livestock, numerous firearms, and vehicles. One of the parcels of real property was owned by Robert Rich and the remaining realty was owned by Triple B Land and Cattle Co., Inc., a Kansas corporation. The personalty was largely owned by Robert Rich.
 
 
 4
 Robert Rich and Steven Rich intervened and responded to the complaint asserting that Robert Rich owned 15% of the issued stock of Triple B and Steven Rich owned 40%. Both asserted they were innocent parties and asked their interest be protected.
 
 
 5
 Following discovery, the Government filed a motion for summary judgment supported by a large quantity of evidentiary material. The essence of the Government's evidence showed that Robert Rich had been convicted of fifteen drug charges in federal court in Louisiana, one of these counts being a continuing criminal enterprise; that the lands had been used to manufacture and distribute illegal drugs; that Robert Rich had no legitimate income but owned all of the personalty free and clear; and that Steven Rich's corporate stock was worth less than $500.
 
 
 6
 Robert and Steven Rich responded to the motion for summary judgment (1) by having their attorney deny certain facts as if it were an answer; and (2) by filing affidavits that stated they had "no information or knowledge of any illicit drug operation." Steven Rich asserted he had earned his corporate stock by working for Robert Rich and for Triple B and that he was "unsure if [his corporate stock in Triple B] was worth anything."
 
 
 7
 The district court decided there were no material facts at issue and concluded the facts established the properties should be forfeited and that Steven Rich had only a nominal interest in Triple B which was not shown to have been acquired innocently and for value.
 
 
 8
 Robert Rich first contends this forfeiture suit was barred by res judicata and collateral estoppel. He argues that during his criminal trial in the District of Louisiana, the Government failed to produce sufficient evidence and "the jury did not find against Robert Rich on the issue." There exists a fatal flaw to this argument, and that is Mr. Rich's argument is not supported by the record on appeal. The record reflects only his convictions and fails to show any special verdict concerning forfeiture. We therefore need not address this question.
 
 
 9
 The Riches next contend there existed controverted issues of material fact. They contend the "facts" support a valuation of Steven Rich's corporate stock in excess of $500, and they claim the Government failed to prove certain critical facts as it used only uncorroborated materials. These arguments must fail. First, the Government's evidence shows Steven Rich's corporate stock was worth less than $500 and Steven Rich's response as contained in his affidavit was that he was unsure of its value. Second, the Riches misperceive the workings of a summary judgment. Once the Government moved for summary judgment and supported it with evidence, it became the obligation of the Riches to come forward with evidence, not simply denials, to show contrary evidence existed. See Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This they failed to do.
 
 
 10
 Finally, the Riches contend the district court lacked subject matter jurisdiction, arguing that the District of Louisiana has exclusive jurisdiction because this was the situs of the criminal convictions. They further argue the district court failed to seek and obtain leave from the Louisiana district court to proceed against the Kansas property. Again, the Riches misperceive the law. Criminal forfeiture and civil forfeiture are separate and distinct. The court located in the District of Louisiana had no jurisdiction over the property located in Louisiana. The remedies are not mutually exclusive. Once the Kansas court seized the property based upon the complaint, it obtained in rem jurisdiction over the property and was entitled to proceed against the property.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3